NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR DOUGLAS HERNANDEZ-ROSAS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　19-72408<br><br>Agency No. A070-158-485<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:　　CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Oscar Douglas Hernandez-Rosas, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen for termination of proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Hernandez-Rosas's contention that the agency lacked jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), fails. *See* 8 U.S.C. § 1252(b) (1988) (deferring to regulations to establish requirements to provide notice of the deportation proceedings); 8 C.F.R. § 242.1(b) (1993) (not requiring the time or place at which proceedings will be held to be included in the order to show cause); *see also Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (rejecting contention that lack of hearing information in notice to appear deprived immigration court of jurisdiction).

We lack jurisdiction to review the BIA's denial of sua sponte reopening because Hernandez-Rosas does not otherwise raise a legal or constitutional error that would invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court retains jurisdiction to review BIA decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**